**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEBRA FARLEY, ) <br> on behalf of Plaintiff and the ) <br> class members described herein, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMCAST CORPORATION, ) <br> COMCAST CABLE COMMUNICATIONS ) <br> LLC, and DOES 1-10, ) <br> ) <br> Defendants. ) | Case No.: 1:19-cv-07620 <br><br> Honorable Judge John J. Tharp Jr. |

## **FIRST AMENDED COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiff Debra Farley brings this action against Defendant Comcast Corporation and Comcast Cable Communications, LLC (collectively referred to as "Comcast") because Comcast agreed that it would not pull Plaintiff's credit report if Plaintiff paid Comcast a $50 advance payment, but then pulled the credit report anyway after pocketing Plaintiff's money.

2. Comcast has engaged in this practice on a widespread basis. There are numerous reports of consumers experiencing a credit inquiry from Comcast after paying money to avoid a credit inquiry. As a result of this, Comcast has been accused of repeatedly obtaining consumer reports after a person already refused the credit check and agreed to pay the deposit instead. *State of Washington v. Comcast*, 16-2-18224-1 SEA, (King Co., Wash., Superior Court) at ¶ 1.15 ("Comcast also ran credit checks on at least 3,286 Washington consumers a day or more after they paid a deposit to avoid the running of a credit check."); *Newlin v. Comcast Cable of Ind., Inc.*, 12-cv-430, 2014 WL 1207513 (N.D. Ind.).

1

3. In this action, Plaintiff alleges that Comcast thereby violated the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and contracts with the consumers.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p. Supplemental jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

5. Venue is proper because Plaintiff resides in this district and a substantial portion of the events giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff Debra Farley is a natural person who resides in Downers Grove, Illinois.

7. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

8. Defendant Comcast Corporation is a global media and technology company that signs up consumers for cable television and internet services provided by its subsidiaries. Its principal executive offices are located at One Comcast Center, Philadelphia, PA 19103-2838.

9. Defendant Comcast Cable Communications, LLC, is a wholly owned subsidiary of Comcast Corporation that signs up consumers for cable television and internet services. Its principal executive offices are located in Philadelphia, PA.

9. Does 1-10 are other natural or artificial persons involved in the obtaining of credit reports described herein.

## FACTS

10. Comcast obtains credit reports from Equifax.

11. Comcast represented to the public that prospective customers may bypass a credit

check if they instead pay $50.00 to Comcast.

12. At all times relevant to this action, Comcast's written policies and procedures required its representatives to ask potential customers inquiring about service for permission to perform a credit check.

13. Comcast was to obtain a consumer report only if the consumer provided permission for the credit check.

14. If the consumer provided permission for the credit check, those same policies and procedures required Comcast to obtain a consumer report from Equifax containing the consumer's credit score. Based on the score, Comcast might require a payment of $50.

15. If the consumer refused permission for the credit check, those policies and procedures required Comcast to collect the same $50 payment from the consumer.

16. On or about October 17, 2019, Plaintiff contacted Comcast to set up Xfinity internet service.

17. Plaintiff informed the Comcast representative that she did not want her credit pulled.

18. The Comcast representative informed Plaintiff that if Plaintiff paid Comcast $50, then it would not perform the credit inquiry.

19. Plaintiff agreed and paid.

20. While Plaintiff was on hold, she received an alert on her phone that her Equifax credit report had been pulled.

21. Despite Comcast's agreement to not perform the credit inquiry, and despite

Plaintiff's advance payment of $50 for the express purpose of preventing Comcast from performing a credit inquiry, Comcast obtained a credit report regarding Plaintiff the same day via a hard inquiry, which diminished Plaintiff's credit score.

22. Comcast had no legitimate business need to obtain Plaintiff's consumer report because she made the $50 advance payment, especially given the fact that Comcast billed Plaintiff in advance for its services, and enrolled Plaintiff in auto-pay.

23. Under Comcast's own business analysis, $50 is sufficient to alleviate the risk it faces from a person who refuses to consent to a credit pull.

24. Comcast also had no legitimate business need to obtain Plaintiff's consumer report because it was contractually obligated to NOT obtain Plaintiff's consumer report and could do so only by breaching its contract with Plaintiff and its internal policies.

25. Despite having no legitimate business need to obtain Plaintiff's consumer report, Comcast nevertheless claimed that it had a permissible purpose when it obtained the consumer report from the credit reporting agency.

26. Comcast injured Plaintiff by diminishing her credit score, by invading her privacy, and by violating her rights under the FCRA.

## **COUNT I – FCRA**

27. Plaintiff incorporates paragraphs 1-26.

28. Defendants violated 15 U.S.C. §1681b(f) by obtaining consumer reports without a permissible purpose.

29. Comcast knew that it did not have a legitimate business need to obtain the consumer report.

30. Comcast did not have a legitimate business need to obtain Plaintiff's consumer

4

report because it was contractually obligated to not obtain Plaintiff's consumer report.

31. Comcast violated 15 U.S.C. §1681n(a)(1)(B), 1681n(b), and 1681q by obtaining Plaintiff's consumer report under false pretenses because it did not have a legitimate business need to obtain the consumer report but nevertheless claimed that it had a permissible purpose in order to obtain the consumer report.

## **CLASS ALLEGATIONS**

32. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.

33. The class consists of (1) natural persons residing in the United States or its Territories, (2) who were the subject of a consumer report obtained by Comcast during the ordering process, (3) after Comcast collected the credit inquiry advance payment from the consumer, (4) during a period beginning 2 years prior to the filing of this complaint (5) which persons are not subject to an arbitration agreement with Comcast.

34. Excluded from the class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

35. There are at least 40 members of the class, and joinder of all is impracticable.

36. Plaintiff and all members of the classes have been harmed by the acts of Defendants as their personal and private financial information was disclosed without authorization. Further, members of the class have been additionally harmed because they gave money to Defendants to prevent the disclosure of said information.

37. Class members can be identified easily through records maintained by Comcast.

38. There are questions of law and fact common to the members of each class, which

common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, whether Comcast had a permissible purpose to obtain the consumer reports regarding Plaintiff and the members of the class under the FCRA.

39. Plaintiff's claims that are typical of the members of the class.

40. Plaintiff will fairly and adequately represent and protect the interests of the classes, and has no interests which are antagonistic to any member of the classes. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the FCRA.

41. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the FCRA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the FCRA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims.

WHEREFORE, Debra Farley requests that the Court grant the following relief to Plaintiff and the class:

    a. Statutory damages;

    b. Actual damages;

    c. Punitive damages;

    d. Attorney fees, litigation expenses and costs;

    e. Any other relief the Court deems just.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

42. Plaintiff incorporates paragraphs 1-26.

43. Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by promising that they would not obtain consumer reports about consumers if they paid them $50 and then pulling the consumer reports anyway after pocketing the money.

44. Defendants intended that Plaintiff and the class rely on this deception, and they did in fact did rely on this deception as evidenced by their advance payments of $50.

45. Defendants' intent for the class to rely on this deception is further evidenced by the fact that Comcast facilitated the advance payments of $50 by providing a web portal to process the payments in real time.

46. Defendants' deception occurred during Comcast's sale and provision of internet and cable communication services.

47. Defendants' conduct offends public policy because it is akin to a widespread fraud, violates federal law, harms consumers, and harms consumer trust in the communications industry and credit reporting industry.

48. Defendants' conduct is immoral, unethical, oppressive, and unscrupulous because Comcast is lying to its potential customers resulting in its own financial gain.

49. Defendants' conduct causes substantial injury to consumers via Comcast's retention of their $50 advance payments, invasions of their privacy, injury to their credit scores, and violations of their rights under federal law.

## CLASS ALLEGATIONS

50. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.

51. The class consists of (1) natural persons residing in Illinois (2) who were the subject of a consumer report obtained by Comcast during the ordering process, (3) after Comcast collected the credit inquiry advance payment from the consumer, (4) during a period beginning 3 years prior to the filing of this complaint (5) which persons are not subject to an arbitration agreement with Comcast.

52. Excluded from the class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

53. There are at least 40 members of the class, and joinder of all is impracticable.

54. Plaintiff and all members of the classes have been harmed by the acts of Defendants as their personal and private financial information was disclosed without authorization. Further, members of the class have been additionally harmed because they gave money to Defendants to prevent the disclosure of said information.

55. Class members can be identified easily through records maintained by Comcast.

56. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, whether Comcast engaged in a deceptive practice or an unfair practice under the ICFA.

57. Plaintiff's claims that are typical of the members of the class.

58. Plaintiff will fairly and adequately represent and protect the interests of the classes, and has no interests which are antagonistic to any member of the classes. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the ICFA.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims.

WHEREFORE, Debra Farley requests that the Court grant the following relief to Plaintiff and the class:

    a. Actual damages;

    b. Punitive damages;

    c. Injunctive relief;

    d. Attorney fees, litigation expenses and costs;

    e. Any other relief the Court deems just.

## COUNT III – BREACH OF CONTRACT

60. Plaintiff incorporates paragraphs 1-26.

61. It is Comcast's corporate policy to not obtain a credit report on any prospective consumer who opts to pay Comcast $50 instead.

62. Comcast offered that Plaintiff and the class members could pay Comcast $50 in exchange for Comcast's agreement that it would not perform a credit inquiry.

63. Plaintiff and the putative class all accepted Comcast's offer and paid the $50.00.

64. Comcast breached the contract by obtaining consumer reports of Plaintiff and the putative class despite receipt of the $50 advance payment.

65. Plaintiff and the putative class have been harmed as they would not have paid the $50 in advance except for Comcast's promise not to obtain their consumer reports.

66. Plaintiff's credit score dropped as a result of the impermissible pull of her credit.

## **CLASS ALLEGATIONS**

67. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.

68. The class consists of (1) natural persons residing in the United States or its Territories (2) who were the subject of a consumer report obtained by Comcast during the ordering process, (3) after Comcast collected the credit inquiry advance payment from the consumer, (4) during a period beginning 5 years (or any other applicable limitations period) prior to the filing of this complaint (5) which persons are not subject to an arbitration agreement with Comcast.

69. Excluded from the class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

70. There are at least 40 members of the class, and joinder of all is impracticable.

71. Plaintiff and all members of the class have been harmed by the acts of Defendants as their personal and private financial information was disclosed without authorization. Further, members of the class have been additionally harmed because they gave money to Defendants to prevent the disclosure of said information.

72. Class members can be identified easily through records maintained by Comcast.

73. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, whether Comcast breached contracts with each class member.

74. Plaintiff's claims that are typical of the members of the class.

75. Plaintiff will fairly and adequately represent and protect the interests of the classes, and has no interests which are antagonistic to any member of the classes. Plaintiff has retained counsel experienced in handling class action claims involving violations of contracts.

76. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims.

WHEREFORE, Debra Farley requests that the Court grant the following relief to Plaintiff and the class:

    a. Actual damages;

    b. Costs;

    c. Any other relief the Court deems just.

Respectfully submitted,

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Bryan G. Lesser
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

11

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

>*/s/Daniel A. Edelman*
>Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

   I, Daniel A. Edelman, hereby certify that on March 5, 2020, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                    /*s/ Daniel A. Edelman*
                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Bryan G. Lesser
**EDELMAN, COMBS, LATTURNER**
  **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

13